```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MERCURY PARTNERS LLC,

                Plaintiff,                  02 CV 6005 (DAB)
                                            MEMORANDUM & ORDER
        -against-

PACIFIC MEDICAL BUILDINGS, L.P.,

                Defendant.
----------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

Plaintiff, the financial advisory firm of Mercury Partners LLC ("Mercury Partners") brings this lawsuit pursuant to an agreement ("Agreement") with Defendant, Pacific Medical Buildings, LP ("Pacific Medical") to act as Pacific Medical's sole and exclusive financial advisor to evaluate various capitalization strategies. Plaintiff has moved for partial summary judgment seeking a declaration that it is entitled to certain advisory fees under the Agreement and an Order striking Defendant's jury demand. Defendant has cross-moved for partial summary judgment seeking dismissal of Plaintiff's fees claims.

For the following reasons, Plaintiff's motion for partial summary judgment is DENIED; Plaintiff's motion to strike Defendant's jury demand is GRANTED; and Defendant's cross-motion for partial summary judgment is DENIED.

## I. BACKGROUND

Plaintiff Mercury Partners, is a merchant bank that provides investment banking, financial advisory services, and equity research to real estate and healthcare owners and operators throughout the United States. (Am. Compl. ¶¶ 5-6; Ans. ¶ 3.) Mercury Partners is a citizen of Maryland and Connecticut, with its principal place of business in Greenwich, Connecticut. (Am. Compl. ¶ 1.) Defendant Pacific Medical is in the business of developing and operating medical office buildings, parking structures, and outpatient facilities. (Am. Compl. ¶ 6; Ans. ¶ 6; Def.'s 56.1 Stmt ¶ 12.) Its principal place of business is San Diego, California, where also is a citizen. (Am. Compl. ¶ 2.) Defendant locates property adjacent to or close to hospitals and, with the cooperation of the hospitals, arranges financing, develops, and operates office buildings, parking spaces, and outpatient facilities to be used in conjunction with the hospitals. (Id.)

The Parties entered an Agreement, dated September 28, 2001, which provided in pertinent part that Mercury Partners was to "act as sole and exclusive financial advisor to Pacific Medical Buildings, L.P., its affiliates and successors to evaluate various capitalization strategies." (Am. Compl., Ex. A, at 1.)

These capitalization strategies may include: the issuance of equity, debt and mezzanine capital; the merger with or sale to another company; and/or an initial public offering of equity securities (hereinafter the "Transactions"). (Id.) Plaintiff was to assist the Defendant "in analyzing, structuring, negotiating, effecting the Transaction(s)." (Def.'s 56.1 Stmt. ¶ 4; Pl.'s 56.1 Cntr. Stmt. ¶¶ 4-6.) The Agreement had a term of twenty-four months. (Am. Compl., Ex. A, ¶ 9.)

In return, Defendant was to pay Plaintiff a retention fee of $35,000, and a financial advisory fee at the closing of each Transaction as follows: "(a) in connection with any placement of private or public equity, equity related, or convertible securities . . . (b) In connection with any issuance of senior, subordinated or mezzanine debt . . . or (c) In connection with any issuance of mortgage or property-related financing." (Am. Compl., Ex. A., ¶ 2.) Handwritten after the text in subparagraph 2(c), is the sentence: "This assumes that Mercury originates the financing." (Id.) Defendant paid Plaintiff the retainer fee of $35,000 required under the Agreement in May 2002. (Def.'s 56.1 Stmt. ¶ 5; Pl.'s 56.1 Cntr. Stmt. ¶ 5.)

The Agreement also states that both parties "each hereby irrevocably waive any right they may have to a trial by jury in

respect of any claim based upon or arising out of this Agreement or the transactions contemplated hereby." (Am. Compl., Ex. A, ¶ 7.)

Defendant had three projects under development in various locations, called Hillsboro, Burbank, and Reno ("Hillsboro, Burbank and Reno projects"), for which it was securing or was about to secure financing. (Pl.'s 56.1 Stmt. ¶¶ 9-14; Def.'s 56.1 Stmt. ¶ 53; Def.'s 56.1 Cntr. Stmt. ¶¶ 9-14.) Plaintiff admittedly did not originate the Transactions that closed or will close these three projects. (Pl.'s 56.1 Cntr. Stmt. ¶ 9.)

In its Amended Complaint, Plaintiff Mercury Partners makes seven claims: (1) Defendant's failure to reimburse Plaintiff for its reasonable expenses, thus breaching the Agreement; (2) Defendant's failure to pay Plaintiff's financial advisory fees due under the Agreement, thus breaching the Agreement; (3) entitlement of a declaration that Defendant is obligated under the Agreement to pay financial advisory fees to Plaintiff owed under the Agreement in connection with any transaction completed during the time period of the Agreement and thirty-six months following the termination of the Agreement; (4) unconscionable injury to the Plaintiff as a result of Defendant's failure to reimburse it for its expenditures; (5) unjust enrichment of

Defendant due to investment transactions brought, in whole or in part, by Plaintiff; (6) entitlement of a declaration that Defendant is obligated to pay financial advisory fees to Plaintiff in connection with any investment transaction that was brought, in whole or in part, by Plaintiff; and (7) Plaintiff's right of all fees and disbursements of legal counsel which are incurred in connection with the Agreement.  In its motion for partial summary judgment, Plaintiff seeks a declaration that it is entitled to certain advisory fees under the Agreement, and an order striking the Defendant's jury demand.  Defendant has cross-moved for partial summary judgment seeking dismissal of Plaintiff's fees claims.

II.     DISCUSSION
    A.     Summary Judgment Standard

It is well settled that summary judgment may be granted only when there is no genuine issue of material fact remaining for trial, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). All reasonable factual inferences are drawn in favor of the non-moving party.  Fed. R. Civ. P. 56(c).  To defeat summary

judgment, the non-moving party cannot simply make conclusory allegations, but instead, must present specific facts that create a genuine issue for trial. Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996); West-Fair Elec. Contractors v. Aetna Casualty & Sur. Co., 78 F.3d 61, 63 (2d Cir. 1996).

The Court does not resolve disputed issues of fact, but rather, assesses whether genuine issues of material fact remain for the trier of fact. Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986). Moreover, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Lytle v. Household Mfg. Inc., 494 U.S. 545, 554-55, 110 S. Ct. 1331, 108 L. Ed. 2d 504 (1990).

Finally, in cases where both sides move for summary judgment, a district court need not grant judgment as a matter of law for one side or the other. See Schwabenbauer v. Bd. of Educ., 667 F.2d 305, 313 (2d Cir. 1981). Instead, it must evaluate "each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." Id. at 314.

B.      Ambiguity

In this case, the Parties dispute whether, under the Agreement, Plaintiff is entitled to financial advisory fees on Transactions that were closed in connection with the development of the Hillsboro, Burbank and Reno projects, even though Plaintiff did not originate the Transactions; and whether Plaintiff is entitled to financial advisory fees in connection with, among others, such equity or debt financing Transactions irrespective of whether Plaintiff originated the same, through the completion of the Agreement. (Def.'s 56.1 Stmt. ¶¶ 6-10; Pl.'s 56.1 Cntr. Stmt. ¶¶ 6-10.) Defendant argues Plaintiff is only entitled to a fee at either the closing of an equity financing transaction or in "property-related financings" where Plaintiff originates the financing. (Def.'s 56.1 Stmt. ¶¶ 34-35.) In both situations, Defendant contends that Plaintiff would receive compensation only for Plaintiff's services in that it assisted "in analyzing, structuring, negotiating, effecting the Transactions," for which it would be compensated. (Id.)  In contrast, Plaintiff claims under the Agreement that it is entitled to financial advisory fees in connection with any placement of equity or debt financing Transactions, and not just those Transactions that Plaintiff effected or participated in

through its services. (Pl.'s 56.1 Cntr. Stmt. ¶¶ 6-19, 36.) Moreover, the parties disagree as to what constitutes "property-related financings" under the Agreement. (Pl.'s Reply at 8; Pl.'s 56.1 Cntr. Stmt. ¶ 12; Def.'s 56.1 Stmt. ¶ 12.)

A contract is unambiguous as a matter of law when its words convey a definite and precise meaning upon which reasonable minds could not differ. Bolt Elec., Inc. v. City of New York, 223 F.3d 146, 150 (2d Cir. 2000). However, where "reasonable minds could differ on the meaning of language used, the meaning of the words becomes an issue of fact if there is relevant extrinsic evidence of the parties' actual intent." Id. (citations omitted).

Defendant states that "property-related financing" is "a financing in an individual project to build a building as an individual project." (Def.'s 56.1 Stmt. ¶ 12.) Furthermore, Defendant states that "property-related financings" were the types of individual projects it was doing both before and after the Agreement, and is still doing as part of its everyday business. (Id. ¶ 34.) As such, Defendant characterizes the three transactions pertaining to the Hillsboro, Burbank, and Reno projects as "property-related financings." (Id.) Therefore, Defendant contends that because Plaintiff did not perform services or originate the financing of these three transactions,

under the Agreement, Plaintiff is not entitled to receive financial advisory fees for these transactions. (Id. ¶ 55.)

According to Plaintiff, "property-related financing" can reasonably mean only types of financing, other than mortgages, that are secured by or affect interests in property. (Pl.'s Mem. Law in Further Supp. at 8.) For example, Plaintiff contends that financing secured by deeds of trust, ground leases, or security interests in personal property such as fixtures are "property-related financings." (Id.) Moreover, Plaintiff denies that Defendant's traditional and historical business operations have included "property-related financings" and objects to characterizing the Hillsboro, Burbank and Reno projects as "property-related financings." (Def.'s 56.1 Stmt. ¶¶ 16-17; Pl.'s 56.1 Cntr. Stmt. ¶¶ 16-17.) Instead, Plaintiff contends that the Hillsboro, Burbank and Reno projects involve the placement of equity or debt financing, and therefore, under the Agreement, Plaintiff is entitled to be paid financial advisory fees as to, but not limited to, these three projects. (Id. ¶ 6.)

The Court finds the Agreement to be ambiguous such that the intentions of the parties regarding when Plaintiff is entitled to financial advisory fees cannot be ascertained from the face of the contract, nor is it clear what type of transactions

constitute "property-related financing." Accordingly, Plaintiff's motion for partial summary judgment is DENIED as to a declaration that it is entitled to certain advisory fees under the Agreement; and Defendant's cross-motion for partial summary judgment seeking dismissal of Plaintiff's fee claims is DENIED.

C. Jury Demand

Plaintiff moves to strike Defendant's Jury Demand. Plaintiff argues that Defendant's waiver of its right to demand a jury trial in connection with a dispute under the Agreement was knowing, voluntary and intentional. (Pl.'s Mem. Law at 10.) Parties to a contract may, by prior written agreement entered into knowingly and voluntarily, waive the right to a jury trial. Morgan Guar. Trust Co. of New York v. Crane, 36 F.Supp. 2d 602, 603 (S.D.N.Y. 1999) (citing Herman Miller v. Thom Rock Realty Co., 46 F.3d 183, 189 (2d. Cir. 1995)). Such waivers are valid and enforceable, unless adequate basis to deny enforcement is set forth by the challenging party. See, e.g., Fordham Univ. v. Mfrs. Hanover Trust Co., 145 A.D.2d 332, 333 (N.Y. App. Div. 1988) (citing A. J. Armstrong Co. v. Nechamkin, 55 A.D.2d 520 (N.Y.

App. Div. 1976).

The Agreement between the parties contains a provision irrevocably waiving any right either party may have to a trial by jury in any claim arising out of the Agreement. (Am. Compl., Ex. A, ¶ 7.) As Defendant has provided no basis for denying enforcement of the provision, Plaintiff's motion to strike Defendant's jury demand is GRANTED.

III. CONCLUSION

Plaintiff's motion for partial summary judgment is DENIED as to a declaration that it is entitled to certain advisory fees under the Agreement; Plaintiff's motion to strike Defendant's jury demand is GRANTED; and Defendant's cross-motion for partial summary judgment seeking dismissals of Plaintiff's fee claims is DENIED. The parties are to adhere to the following pre-trial submission dates: Joint Pre-Trial Statement ("JPTS"), Requests to Charge, Proposed Voir Dire, and Memoranda of Law addressing those issues raised in the JPTS, are to filed no later than sixty (60) days from the date of this Memorandum and Order; and Responses to the Memoranda of Law are to filed no later than ninety days (90)

from the date of this Memorandum and Order. All submissions shall be in accordance with this Court's Individual Practices.

SO ORDERED.

Dated: New York, New York
       January 5, 2006

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge